Tucker, P.
The question is, whether in a suit by a white man against a free negro, a negro is a good witness on the part of the plaintiff? To me it appears most clear that he is not. By the statute 1 Rev. Code, ch. 111. 5. p. 422. which provision was enacted in 1801, it is affirmatively provided, that “ any negro or mulatto, bond or free, shall be a good witness In pleas of the commonwealth, for or against negroes or mulattoes, bond or free, or in civil cases where free negroes or mulattoes shall alone be partiesand then negatively, “in no other cases whatever.” Now, as this is a civil case, and as negroes are not alone parties, the plaintiff being a white man, it is clear that by this clause a negro could not be a good witness in the case. It is true, there is another statutory provision on the subject, 1 Rev. Code, ch. 131. § 3. p. 517. which was enacted in 1792, the words of which are, merely, “no negro, mulatto or Indian, shall be admitted to give evidence, but against or between negroes, mulattoes or Indians.” But this clause, being altogether negative, cannot be construed to extend the capacity of the negro beyond that which was conferred by the statute first quoted. Indeed, I have no doubt it was designed to mean precisely the same thing, the first part of the clause referring to prosecutions against negroes, and the second to civil cases between negroes. The provisions however, having been loosely drawn (for according to its strict letter, a negro would not have been a witness for a negro in a criminal prosecution), a new provision was introduced by a statute passed in 1801, *76 from which the clause I have first cited was taken. Sess. Acts 1800. ch. 70. § 4. If there be any inconsistency between them, this last must prevail; for in the construction of the laws re-enacted at the revisal, we mugtj jn cage 0f fixeconcileable difference, look to the dates of the original statutes, in order to ascertain the last declaration of the legislative will. This opinion has been pronounced by this court in a case which I cannot now recall, but in which the resolution was delivered by judge Roane. I do not, however, consider these clauses as conflicting. The latter law only explained what was obscure in the former, and by its language embraced what was possibly deemed to have been omitted by the statute of 1792.
I am therefore of opinion that there is error in the judgment of the circuit court; and that it must be reversed, the verdict set aside, and a'new trial directed.
The other judges concurred. Judgment reversed.